UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

GUARD INSURANCE GROUP, INC,

        Plaintiff,

    - against -

RELIABLE INSURANCE SERVICES, LLC,
SHAH BUILDERS, INC., and CARLOS QUIN
DE HURTADO,

        Defendants.

------------------------------------------------------------ X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 0 9 2016 ★

BROOKLYN OFFICE

**MEMORANDUM DECISION AND ORDER**

15 Civ. 2949 (AMD) (VMS)

**ANN DONNELLY, District Judge.**

The plaintiff brought suit against the defendants, Reliable Insurance Services and Shah Builders,[1] for claims arising from a purportedly fraudulent workers' compensation insurance application and subsequent workers' compensation claim.[2] The plaintiff executed a summons, which was properly served upon Shah Builders (ECF No. 11), but Shah Builders has not appeared in this action nor answered the complaint, and the time to answer has run. The Clerk of Court entered a certificate of default pursuant to Rule 55(a) against Shah Builders on November 12, 2015. On November 16, 2015, the plaintiff moved, pursuant to Rule 55(b), for a default judgment. Shah Builders has not responded. I issued a procedural order on January 8, 2016, instructing the plaintiff to submit documentary or affidavit evidence supporting its computation

---

[1] The plaintiffs included the workers' compensation claimant, Carlos Quin De Hurtado, as an interested party. Compl. at 1.
[2] This case (as opposed to one by an employee against an employer and insurance carrier pursuant to their statutory obligation to provide compensation due) is properly before this court. *Royal Ins. Co. of Am. v. Lapietra Contracting Corp.*, No. 95-cv-0542, 1997 WL 37048, at *3–4 (E.D.N.Y. Jan. 17, 1997).

1

of damages. (ECF No. 24). The plaintiff has done so. For the reasons described below, the motion for default judgment is granted only as to defendant Shah Builders' liability. I defer the calculation of damages against Shah Builders until a resolution of the claims against the non-defaulting defendant, Reliable Insurance.

## BACKGROUND

The plaintiff alleges that it issued a workers' compensation policy to Shah Builders based on representations made by both Reliable Insurance[3] and Shah Builders. In support of its claims, the plaintiff states that on January 29, 2013, Reliable Insurance—an insurance broker—submitted Shah Builder's workers' compensation insurance application to the plaintiff through an unnamed agent. Shah Builders stated that it was in the business of concrete or cement work, floors, and driveways. Compl. Ex. A ("Ex. A"). Additionally, Shah Builders' representative checked "No" when asked whether any work was performed above fifteen feet. Ex. A, ¶ 3.

On the basis of this information, the plaintiff issued a workers' compensation policy to Shah Builders with a coverage period from February 2013 to February 2014. On May 5, 2013, the plaintiff received an Employer's Report of Work Related Injury from Shah Builders. Compl. Ex. B ("Ex. B"). According to this report, a Shah Builders employee, Carlos Quin De Hurtado, was injured on a Shah Builders jobsite during the covered period. Compl. ¶ 7. Specifically, the report stated that Mr. Hurtado's injury was a result of being "on a ladder and fixing siding on a two-family home." Ex. B; Compl. ¶ 28. The complaint alleges further that, upon information and belief, the work being done was at a height in excess of fifteen feet. Compl. ¶ 29.

---

[3] The plaintiff states that it depends on Reliable Insurance to seek accurate information from applicants, like Shah Builders, and then to verify the information provided by the applicant. Compl. ¶ 23.

2

As a consequence of his fall, Mr. Hurtado purportedly suffered an intracranial hemorrhage, required a craniotomy, and has reported that he will experience long-term cognitive deficits. The plaintiff says that it has paid a total of $264,781.81 pursuant to the workers' compensation claim. Aff. in Supp. of Mot. for Default J. ¶ 8, dated Feb. 3, 2016 (ECF No. 25).

The plaintiff alleges a tort of material misrepresentation against Shah Builders and seeks a declaration that it has no obligation to defend or indemnify Shah Builders for the workers' compensation claim arising from the insurance application. Additionally, the plaintiff seeks reimbursement from Shah Builders for its payment for the Hurtado claim and any costs associated with providing Shah Builders with a defense in the Hurtado claim.

## DISCUSSION

### I. Legal Standards for Default Judgment

Rule 55 sets out the two-step process for entry of a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to move to set aside the default under Rule 55(c), the Court may enter a default judgment on a plaintiff's motion. Fed. R. Civ. P. 55(b)(2). Default judgments are "generally disfavored" in accord with the Second Circuit's "oft-stated preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993). Thus, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010).

3

In deciding whether to issue a default judgment, "the Court has the responsibility to ensure that the factual allegations [in the plaintiff's pleadings], accepted as true, provide a proper basis for liability and relief." *J & J Sports Prod., Inc. v. McAdam*, No. 14-cv-5461, 2015 WL 8483362, at *2 (E.D.N.Y. Dec. 9, 2015) (quotations and citations omitted); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997) ("a default judgment deems all the well-pleaded allegations in the pleadings to be admitted."). Put another way, the court is to consider whether the uncontested facts "constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *J & J Sports Prod., Inc.*, 2015 WL 8483362, at *2 (citing *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010)).

## II. Shah Builders' Liability

Under New York law, an insurer is entitled to rescind an insurance policy, and the policy is considered void from the outset, "if it was issued in reliance on material misrepresentations." *Fid. & Guar. Ins. Underwriters, Inc. v. Jasam Realty Corp.*, 540 F.3d 133, 139 (2d Cir. 2008); *see also Interboro Ins. Co. v. Fatmir*, 933 N.Y.S.2d 343, 345 (App. Div. 2011) (an insurer may rescind an insurance policy if the insured misrepresented a fact when he secured the policy, and the insurer would not have issued the policy if it had known of the misrepresentation).

The plaintiff's well-pleaded allegations establish that Shah Builders misrepresented the nature of its work in applying for workers' compensation insurance. Shah Builders classified its work as "CONCRETE/CEMENT WK-FLOORS,DRIVEW," and specifically denied that it performed "any" work above fifteen feet. Nevertheless, Shah Builders states precisely the opposite in its employer's report about Mr. Hurtado's injury. In that report, the defendant stated that Mr. Hurtado was hired as a painter and was injured "[o]n a ladder and fixing siding on a 2

family home." The plaintiff asserts that, upon information and belief, Shah Builders and Mr. Hurtado were doing work at a height "well in excess of fifteen (15) feet," in direct contravention of Shah Builders' representations in its insurance application.

Further, the plaintiff adequately pleads that these misrepresentations were material. Materiality is measured by whether the insurer was induced by the insured's statements "to issue a policy that it would not have otherwise issued." *Landmark Am. Ins. Co. v. S & S Pub.*, No. 10-cv-2982, 2011 WL 5825143, at *3 (E.D.N.Y. Nov. 14, 2011). The complaint alleges that the plaintiff "used the information provided by the Defendants in its underwriting analysis and decisions regarding the amount of coverage and the nature of risk to be underwritten." Compl. ¶ 24. Thus, alleges the plaintiff: "on the basis of the information provided and at the request of Defendants, Plaintiff Guard Insurance issued" the workers' compensation policy. Compl. ¶ 25. The plaintiff says that it "would *not have issued the policy* if it was known that Shah Builders did roofing work." Compl. ¶ 70 (emphasis added). The plaintiff states a claim for liability.

### III. Remedy

The plaintiff seeks reimbursement of amounts it has paid for the Hurtado claim. Because the plaintiff alleged joint and several liability, I decline to enter a finding as to the value of damages at this time. *See Gesualdi v. 360 Transfer, Inc.*, No. 14-cv-2584-JMA-SIL, 2016 WL 324975, at *1 (E.D.N.Y. Jan. 26, 2016) ("Because plaintiffs have alleged joint and several liability, the Court finds it appropriate to enter a finding only as to [the defaulting defendant's] liability at this time."); *see also Friedman v. Lawrence*, No. 90-cv-5584-VLB, 1991 WL 206308, at *3 (S.D.N.Y. Oct. 2, 1991) ("courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the

defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments").

However, because as discussed above, the insurance policy was void from the outset, I hold that Guard Insurance does not have a duty to defend or indemnify Carlos Quin De Hurtado under the Guard Insurance Policy for injuries suffered on April 15, 2013. I hold further that Guard Insurance does not have a duty to defend or indemnify Shah Builders, under the Guard Policy, with regard to any other claims under the Policy.

## CONCLUSION

Accordingly, for the reasons stated above, I enter default judgment as to defendant Shah Builders' liability. I hold that Guard Insurance does not have a duty to defend or indemnify Shah Builders or Carlos Quin De Hurtado under the Guard Insurance Policy. I defer calculation of damages against Shah Builders until a resolution of the claims against the non-defaulting defendant Reliable Insurance.

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                              _____
                                              The Honorable Ann M. Donnelly
                                              United States District Judge

Dated: Brooklyn, New York
       February 9, 2016